IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| GREENWORKS (JIANGSU) CO., LTD. and GREENWORKS NORTH AMERICA, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>TECHTRONIC INDUSTRIES POWER EQUIPMENT and TECHTRONIC OUTDOOR PRODUCTS TECHNOLOGY LIMITED,<br><br>Defendants. | Civil Action No. _____<br><br>**Jury Trial Demanded** |

## DECLARATORY JUDGMENT COMPLAINT OF PATENT NON-INFRINGEMENT

Plaintiffs Greenworks (Jiangsu) Co., Ltd. (hereinafter "Greenworks Jiangsu") and Greenworks North America, LLC (hereinafter "Greenworks NA") (collectively "Greenworks" or "Plaintiffs"), in support of this Declaratory Judgment Complaint against Techtronic Outdoor Products Technology Limited (hereinafter "TTi OPT") and Techtronic Industries Power Equipment ("TTi PE") (collectively "Defendants") do hereby allege as follows:

### NATURE OF THE ACTION

1. This case involves unlawful attempts by Defendants to extract and extort a baseless and unreasonable license from Plaintiffs for alleged patent infringement of U.S. Patent No. 8,286,359 (the "'359 Patent" or the "Patent-in-Suit") directed to a battery operated chain saw. The '359 Patent is attached as Exhibit 1.

2. Defendants campaign against Plaintiffs began when, on August 1, 2024, Defendants caused a letter to be sent to Lowe's Companies, Inc. ("Lowe's"), an entity to which Greenworks sells and provides certain chainsaws, accusing certain Lowe's (*i.e.*, Plaintiffs') chainsaws (hereinafter the "Accused Chainsaws") of infringing the '359 Patent and demanding that Lowe's pay for a license or face legal action. The "August 1, 2024 Demand Letter" is attached as Exhibit 2.

3. Defendants have continued to ramp up their threats and, most recently, on December 12, 2024, Defendants sent a threatening letter to Plaintiff Greenworks NA, saying:

> if we do not receive a record of gross sales, gross revenue, and number of units sold of the Kobalt Chainsaws (sold with and without batteries and/or chargers) in the past five (5) years by December 20, 2024, we will proceed to file the enclosed Complaint.

See Exhibit 3.

4. As indicated, the December 12, 2024, letter to Plaintiff Greenworks NA included a purported draft complaint for willful patent infringement, naming Plaintiff Greenworks Jiangsu as a purported defendant, and alleging that the Accused Chainsaws infringe the '359 Patent. Defendants' draft Complaint for patent infringement is attached hereto as Exhibit 4.

5. As explained in greater detail below, the Accused Chainsaws do not infringe any valid claim of the '359 Patent.

6. Accordingly, Plaintiffs brings this action seeking a declaration under the Declaratory Judgment Act (28 U.S.C. § 2201) that Plaintiffs have not and do not infringe any valid and enforceable claim of any of the '359 Patent.

## THE PARTIES

7. Plaintiff Greenworks (Jiangsu) Co., Ltd is a limited liability company organized under the laws of the People's Republic of China, having a principal place of business at No. 65-

1, Xinggang Road, Zhonglou Economic Development Zone, Changzhou, Jiangsu, 213012 China. Greenworks Jiangsu manufactures and sells various battery-powered chainsaws to Lowe's under the Kobalt® brand name.

8. Plaintiff Greenworks North America, LLC is North Carolina limited liability company with a principal address at 500 South Main Street, Suite 450, Mooresville, NC 28115.

9. Defendant TTi PE is a Delaware Corporation having a principal place of business at 100 Innovation Way, Anderson, South Carolina, 29621.

10. Defendant TTi OPT is a limited liability company organized under the laws of Bermuda, having its registered office at Victoria Place, 5th Floor, 31 Victoria Street, Hamilton HM 10, Bermuda.

11. As one of the leading enterprises in the industry of new energy gardening machinery, Greenworks has been engaged in design, production as well as research and development of new energy garden tools since 2007, and participated in the formation of several industry standards.

12. With R&D centers at home and abroad and global intelligent manufacturing bases, Greenworks, is committed to technology breakthroughs in lithium battery, advanced brushless motor and electronic control, so as to provide cleaner, environmentally friendly, efficient and energy-saving new energy in intelligent garden machinery.

13. Through its innovation, Greenworks aims to accelerate the revolutionary transformation of the garden machinery industry from traditional gasoline power to new energy power.

14. Greenworks' main customers include Lowe's, Amazon, Walmart, CTC, Costco, The Home Depot, Harbor Freight Tools, Bauhaus, Leroy Merlin and other supermarkets and e-commerce partners, as well as Stihl, Toro, B&S, Stiga and other well-known brands.

15. Specifically, the Accused Chainsaws are manufactured by Greenworks Jiangsu for distribution to Greenworks' various customers, including Lowe's. Greenworks NA is responsible for customer management and does not, itself, make, use, sell or offer to sell the Accused Chainsaws.

16. One of Greenworks' many products in the garden machinery industry is a line of Kobalt® branded battery powered chainsaws that are sold in the U.S, including through Lowe's:



https://www.lowes.com/pd/Kobalt-80-Volt-Max-Lithium-Ion-18-in-Cordless-Electric-Chainsaw-1-Battery/1001772692 (last visited January 17, 2025).

17. Defendants sell a competing product under the Ryobi® brand name, including through outlets such as Home Depot:



https://www.homedepot.com/p/RYOBI-40V-HP-Brushless-14-in-Battery-Chainsaw-with-4-0-Ah-Battery-and-Charger-RY405100/317374681?source=shoppingads&locale=en-US&pla&utm_source=google&utm_medium=vantage&utm_campaign=23679&utm_content=25332&mtc=SHOPPING-RM-RMP-GGL-D25P-Multi-NA-RYOBI_2574-NA-PMAX-NA-NA-MK862159001-23679-NBR-2574-NA-VNT-FY24Q1_Q4_RYOBI_D25P_RM__AON_OPE&cm_mmc=SHOPPING-RM-RMP-GGL-D25P-Multi-NA-RYOBI_2574-NA-PMAX-NA-NA-MK862159001-23679-NBR-2574-NA-VNT-FY24Q1_Q4_RYOBI_D25P_RM__AON_OPE-20990828848--&gad_source=1&gclid=CjwKCAiAnKi8BhB0EiwA58DA4fGGfv5orReRtx-KZvP8mxRHxD9JQWXQK2_eqwiIFxdGaumBEajC-BoCQzoQAvD_BwE&gclsrc=aw.ds (last visited January 17, 2025).

## JURISDICTION AND VENUE

18. The Court has original and exclusive subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338 (a) and (b) because this Complaint states claims arising under Acts of Congress, including the Patent Act, *i.e.*, 35 U.S.C. § 101 *et. seq.*

19. The Court also has original and exclusive subject matter jurisdiction over these claims because this Complaint arises under the Federal Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202), in that it involves an actual case or controversy due to Defendants' accusation that Plaintiffs infringe the '359 Patent and its licensing demands to Plaintiffs.

20. Because the amount in controversy exceeds $75,000, and because Plaintiffs and Defendants are diverse parties, the Court also has original jurisdiction pursuant to 28 U.S.C. § 1332.

21. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all other claims asserted or that may be asserted that are so related to claims within the original jurisdiction of this action that they form part of the same case or controversy under Article III of the United States Constitution.

22. Pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400(b), venue is proper in the Western District of North Carolina (hereinafter "this District"), since a substantial part of the events giving rise to the claims in this Complaint occurred in this District and Division. For example, by attempting to exact a patent license from Plaintiffs, Defendants have directed all of their licensing efforts into this District. *See, e.g.*, Exhibit 1 (sent via FedEx to Mooresville, NC); Exhibit 3 (same). In other words, a substantial part of the events giving rise to Plaintiffs' claims occurred in this District. This District is also the epicenter of where the harm from Defendants' conduct will be felt, since Greenworks NA, as well as Lowe's, which ultimately sells the Accused Chainsaws to end-users, is headquartered in this District and Division at 1000 Lowe's Blvd, Mooresville, NC 28117.

23. This Court has *in personam* jurisdiction over Defendants because Defendants have knowingly and repeatedly directed their licensing activities into this District, not least as evidenced by their unlawful attempt to exact a license from Plaintiffs and from Lowe's. By seeking out and threatening litigation against Plaintiffs and Lowe's, an entity known to be headquartered in North Carolina, and in this District, Defendants should reasonably be expected to be subject to *in personam* jurisdiction in this District.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

### *The '359 Patent*

24. U.S. Patent No. 8,286,359 is titled "Battery Operated Chain Saw" and issued from Application No. 10,674,852, which was filed on September 29, 2003. The '359 Patent is attached hereto as Exhibit 1.

25. The '359 Patent is a continuation of Application No. 29/171,289, filed on November 19, 2002, now U.S. Design Patent No. D481,601.

26. The '359 Patent comprises nineteen claims.

27. According to the '359 Patent, "[t]he present invention relates to battery operated power tools and, more particularly, to battery operated chain saw."

28. In the "Summary" section, the '359 Patent goes on to explain the alleged invention as follows:

> In accordance with one aspect of the present invention, a battery operated chain saw is provided including a frame, an electric motor and a battery. The frame includes a housing and a chain bar. The frame forms a front handle and a rear handle. The electric motor is connected to the frame. The battery is coupled to the electric motor. The battery is located at a position on the frame proximate the front handle to provide a front-to-rear chain saw center-of-gravity located proximate the front handle.

Exhibit 1, Figs. 1, 2.

29. The '359 Patent explains its purported contribution over the prior art as follows:

> One of the hazards of operating a chain saw occurs when the teeth on the chain catch on something as they rotate around the tip of the blade. The teeth may have enough force to cause the blade to kick back violently towards the user. This is commonly referred to in the art as "kick back".
>
> The disadvantage of having the power pack inserted behind the rear handle is that the center-of-gravity of the chain saw is behind the front handle. Thus, when kick back occurs during operation, the rearwardly located center-of-gravity will amplify the kick back action. The saw will tend to pivot in the user's hand at the front handle.

There is a desire to provide a battery operated chain saw which does not have a kick-back amplification due to battery placement. However, there is also a desire to allow the battery to still be removable, so the battery can be replaced by a second battery for prolonged use of the tool for more than a single battery charge.

Exhibit 1, Figs. 1, 2.

30. The '359 Patent depicts its purported inventiveness in its Figures 1 and 2:



Exhibit 1, Figs. 1, 2.

31. Claim 6 of the '359 reads as follows:

- A battery operated chain saw comprising:

    a. a frame comprising a housing and a chain bar, wherein the frame forms a front handle and a rear handle;
    b. an electric motor connected to the frame; and
    c. a battery coupled to the electric motor,
    d. **wherein the battery is located at a position on the frame proximate the _front handle_** to provide a front-to-rear chain saw center-of-gravity located proximate the front handle, and
    e. wherein the battery is removably connected to the frame proximate a section of the housing which houses the electric motor at least partially behind the electric motor.

8

32. As will be explained below in greater detail, the emphasized claim terms/phrases above (*i.e.*, "wherein the battery is located at a position on the frame proximate the front handle") is most relevant to the instant Complaint, including to proving non-infringement, since, in the Accused Chainsaws, the battery is not located proximate the *front* handle, and is actually, if anything located proximate the **rear** handle, such that the location of the battery does not play a role in providing "center-of-gravity located proximate the front handle," as Claim 6 also requires.

33. For example, the '359 Patent explains that:

> The power pack 46 is located ***substantially beneath the front handle*** 62 to provide a chain saw center-of-gravity located proximate to the front handle rather than re[ar]ward from the front handle. In a preferred embodiment, the front-to-rear chain saw center-of-gravity is located in front of the centerline of the front handle.
>
> The present invention provides a new battery operated chain saw which has the ***power pack ideally placed under the front handle***. ***As a result, the horizontal center-of-gravity is <u>at</u> the front handle of the saw***. This design will provide optimum handling of the saw and will not amplify or assist kick back action.

34. Indeed, the figure below demonstrates precisely the relationship between the 'front handle 62' and 'power-pack 46' contemplated by the '359 Patent:



***The Accused Chainsaws Do Not Infringe the '359 Patent***

35. Greenworks Jiangsu sells several models of the Kobalt® branded battery operated chain saws, including those identified by Defendants in <u>Exhibit 4</u>, *i.e.*, the Accused Chainsaws. Below is one exemplary image of one such representative Accused Chainsaw:



10

36. As is plainly visible in the image above, the battery of the Accused Chainsaw is not "proximate" the front handle, as the '359 Patent requires. If anything, it is more proximate to the **rear** handle, and it is certainly not "under the front handle," as is contemplated in the '359 Patent's specification and figures. Rather, the battery is clearly "rearward" of the front handle. *But see* '359 Patent ("The power pack 46 is located substantially beneath the front handle 62 to provide a chain saw center-of-gravity *located proximate to the front handle rather than re[ar]ward from the front handle"*) (emphasis added).

37. Accordingly, in light of the above emphasized language, for purposes of claim construction, the battery plainly cannot be both "proximate" and "rearward" from the front handle at the same time. Since the battery of the Accused Product is clearly "rearward" from the front handle, it cannot, at the same time, be "proximate."

38. Naturally, then, the location of the battery on the Accused Product does not contribute to a "front-to-rear chain saw center-of-gravity located proximate the front handle."

39. Since each and every one of the Independent Claims of the '359 Patent (*i.e.*, Claims 1, 6, 10, and 19) recite this limitation, the none of the Accused Chainsaws can be said to infringe any of the claims of the '359 Patent.

## COUNT I – DECLARATION OF NON-INFRINGEMENT OF U.S PATENT NO. 8,286,359
*(28 U.S.C. § 2201)*

40. Plaintiffs restate and incorporate by reference the allegations in the preceding paragraphs as if fully set forth herein.

41. Plaintiffs have not infringed and do not infringe any valid and enforceable claim of the '359 Patent, whether literally or under the doctrine of equivalents.

42. Additionally, Plaintiffs are not liable for any induced, contributory, divided, or any other indirect infringement of any valid and enforceable claim of the '359 Patent.

11

43. Specifically, as explained in greater detail above, the Accused Chainsaws do not meet at least the claim limitations relating to the "battery [being] located at a position on the frame proximate the front handle."

44. In light of Defendants' Demand Letter, the Parties' licensing communications, and the overt threat of litigation, there exists a substantial, real and immediate controversy between Plaintiffs and Defendants concerning Plaintiffs' alleged infringement of the '359 Patent.

45. Defendants' conduct towards Plaintiffs, including having sent several threatening letters into this District, as well as a copy of a purported draft complaint for patent infringement, clearly demonstrates Defendants' intent to continue to threaten Plaintiffs with potential or actual litigation.

46. This controversy warrants the issuance of a declaratory judgment of non-infringement. A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights and obligations vis-à-vis the '359 Patent.

47. Plaintiffs therefore respectfully seeks a judicial declaration that they do not directly, indirectly or otherwise infringe any valid and enforceable claim of the '359 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests the following relief:

A. A declaration that Plaintiffs have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of U.S. Patent No. 8,286,359, whether literally or under the doctrine of equivalents;

B. An order declaring that this is an exceptional case and awarding Plaintiffs its costs, expenses, disbursements, and reasonable attorneys' fees under 35 U.S.C. § 285 and 28 U.S.C. § 1927;

C. All such other and further relief, both at law and in equity, which the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a trial by jury of all issues so triable.

This the 17th day of January, 2025.

Respectfully submitted,

*/s/ Samuel Alexander Long, Jr.*
Samuel Alexander Long, Jr. (N.C. Bar No. 46588)
Tom BenGera (N.C. Bar No. 57019)
Christina Davidson Trimmer (N.C. Bar No. 44857)
Tricia Wilson Magee (N.C. Bar No. 31875)
SHUMAKER, LOOP & KENDRICK, LLP
101 South Tryon St., Suite 2200
Charlotte, North Carolina 28280-0002
Telephone: 704-945-2911
Fax: 704-332-1197
Email: along@shumaker.com
       tbengera@shumaker.com
       ctrimmer@shumaker.com
       tmagee@shumaker.com

*Attorneys for Plaintiffs Greenworks (Jiangsu) Co. Ltd. and Greenworks North America, LLC*